IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWARD WOODLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-24-1587 |
| | § | |
| RESURGENT CAPITAL SERVICES, L.P., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Edward Woodley ("Plaintiff") brought this action against Resurgent Capital Services, L.P. ("Defendant").[1] Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA").[2] Pending before the court is Defendant Resurgent Capital Services, L.P.'s Rule 12(b)(6) Motion to Dismiss and Brief in Support ("Defendant's Motion to Dismiss") (Docket Entry No. 4). For the reasons stated below, Defendant's Motion to Dismiss will be granted, and this case will be dismissed without prejudice.

---

[1] Civil Justice Court - Small Claims Petition ("Complaint"), Exhibit 2 to Defendant Resurgent Capital Services, L.P.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-2, p. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Id.; Affidavit, Exhibit A to Complaint, Docket Entry No. 1-2, pp. 2-3.

## I. Background

Plaintiff filed this action against Defendant in Civil Justice Court in Harris County, Texas.[3] Plaintiff alleges a "violation of 15 USC 1692G" and a "violation of 15 USC 1692k[.]"[4] The Complaint attaches Plaintiff's Affidavit, which alleges that Defendant violated 15 U.S.C. §§ 1692e(8), 1692e(12), 1692f(8), 1692g(b), and 1681a(d)(3).[5]  Plaintiff alleges that he "ha[s] never had an account with these companies[,]" that the "account was opened fraudulently[,]" and that "[o]n April 3, 2020, this company merged an account on my credit report without following many FDCPA LAWS."[6] Defendant removed the action to this court on April 29, 2024.[7]

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted.[8] As to Plaintiff's FDCPA claims, Defendant argues that Plaintiff fails to allege facts showing that he is a "consumer" within the meaning of the FDCPA, that Plaintiff fails to allege that he was the object of collection activity arising from a consumer debt, and that Plaintiff fails to allege

---

[3]Complaint, Exhibit 2 to Notice of Removal, Docket Entry No. 1-2, p. 1.

[4]Id.

[5]Affidavit, Exhibit A to Complaint, Docket Entry No. 1-2, pp. 2-3.

[6]Id. at 2 ¶ 1.

[7]Notice of Removal, Docket Entry No. 1.

[8]Defendant's Motion to Dismiss, Docket Entry No. 4, p. 1 ¶ 1.

that Defendant engaged in any conduct prohibited by the FDCPA.[9] As to Plaintiff's FCRA claim, Defendant argues that Plaintiff has not alleged that Defendant furnished inaccurate information to a credit reporting agency, failed to investigate a credit dispute, or failed to correct inaccurate information following a dispute.[10] Plaintiff has not responded to Defendant's Motion to Dismiss.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a), a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).

Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has not responded to Defendant's Motion to Dismiss within 21 days, the motion is treated as unopposed.[11] But Plaintiff's failure to

---

[9] Id. at 6-7 ¶¶ 20, 22.

[10] Id. at 8 ¶ 25.

[11] See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

respond is not in itself grounds for granting the motion. <u>Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.</u>, 702 F.3d 794, 806 (5th Cir. 2012). The court must assess the legal sufficiency of the complaint to determine whether dismissal is warranted. <u>Id.</u>

### III. <u>Analysis</u>

"To state a claim under the FDCPA a plaintiff must allege facts showing that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" <u>Eustice v. Wholesale Coins Direct, LLC</u>, Civil Action H-21-3256, 2022 WL 44053, at *2 (S.D. Tex. Jan. 4, 2022) (internal citation omitted). Plaintiff has not alleged facts showing that he has been the object of collection activity. Although Plaintiff has alleged that Defendant violated various provisions of the FDCPA, Plaintiff merely recites each statutory prohibition without supporting factual allegations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 129 S. Ct. at 1949.

As to FCRA, Plaintiff cites just one section of the statute, 15 U.S.C. § 1681a(d)(3),[12] which is merely a rule of construction

---

[12] Plaintiff incorrectly cited the section as "§ 1681a(3)(3)." See Affidavit, Exhibit A to Complaint, Docket Entry No. 1-2, p. 3 ¶ 11.

and does not contain any prohibitions.  Plaintiff has not alleged what section of FCRA Defendant violated.  This is inadequate to state a claim.  Defendant's Motion to Dismiss will therefore be granted.

### IV.  Conclusion and Order

Plaintiff's claims are not adequately pleaded.  Defendant Resurgent Capital Services, L.P.'s Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 4) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this the 31st day of May, 2024.

------

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE